**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Valerian TRIFA, Defendant-Appellant.**

**No. 80–1762.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 9, 1981.

Decided Nov. 3, 1981.

Rehearing and Rehearing En Banc Denied Dec. 11, 1981.

William W. Swor, Detroit, Mich., for defendant-appellant.

Richard A. Rossman, U. S. Atty., Detroit, Mich., Kathleen N. Coleman, U. S. Dept. of Justice, Crim. Div., Washington, D. C., for the U. S.

Before WEICK and JONES, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

Defendant-Appellant Trifa has appealed to this court from a judgment of the district court in an action by the government seeking denaturalization under 8 U.S.C. § 1451(a) which expressly recites that it was entered into by consent, and was signed by Trifa, his attorneys, and the attorney representing the government, which judgment revoked Trifa's citizenship on the ground that he had procured his citizenship illegally and through misrepresentation of material facts. He had previously on August 25, 1980, surrendered his citizenship.

In his appeal which recites it is from the judgment entered by consent, Trifa does not contend that the judgment was entered without his consent or that he and his attorneys did not know what they were doing. He seeks to rely on previous proceedings in the same case before District Judge Kennedy in which he moved for summary judgment on the ground that 8 U.S.C. § 1451 is unconstitutionally vague and infringes on First Amendment freedoms; that the government's delay of 25 years since his entry into this country and 18 years since his naturalization before bringing the present action was a denial of due process.

District Judge Kennedy denied Trifa's motion for summary judgment holding that the statute was not unconstitutionally vague and does not violate the First Amendment; that there is no laches defense to a denaturalization suit; that the Sixth Amendment does not apply to pre-indictment or pre-accusation delay; that there were genuine issues of fact which could only be determined at a trial. Judge Kennedy further denied Trifa's request to certify the order denying his motion for summary judgment to this court for an interlocutory appeal.

The case was then transferred to District Judge Gilmore upon Judge Kennedy's elevation to this court. In proceedings before Judge Gilmore, the consent decree was submitted to him for approval and he signed it and entered judgment the same day in favor of the United States revoking Trifa's naturalization.

In this appeal, Trifa seeks to raise the same issues previously presented to Judge Kennedy, but they are no longer appealable because Trifa has surrendered his citizenship pursuant to a valid decree to the entry of which he consented. He does not claim that either he or his attorneys were under any disability when they signed the decree.

Reliance on *Raceway Properties, Inc. v. Emprise Corp.*, 613 F.2d 656 (6th Cir. 1980), and similar cases not involving consent decrees is inappropriate.

The judgment of the District Court is affirmed.