# PACKWOOD *v.* SENATE SELECT COMMITTEE ON ETHICS

No. A–704.   Decided March 2, 1994

CHIEF JUSTICE REHNQUIST, Circuit Justice.

Applicant Senator Bob Packwood requests that I grant a stay pending appeal to the Court of Appeals for the District of Columbia Circuit of a decision by the District Court enforcing the subpoena *duces tecum* issued by respondent Senate Select Committee on Ethics. The Court of Appeals recently, and unanimously, denied his emergency motion for a stay pending appeal.

The criteria for deciding whether to grant a stay are well established. An applicant must demonstrate: (1) a reasonable probability that four Justices would vote to grant certiorari; (2) a significant possibility that the Court would reverse the judgment below; and (3) a likelihood of irreparable harm, assuming the correctness of the applicant's position, if the judgment is not stayed. *Barnes* v. *E-Systems, Inc. Group*

*Hospital Medical & Surgical Ins. Plan,* 501 U. S. 1301, 1302 (1991) (SCALIA, J., in chambers). Because this matter is pending before the Court of Appeals, and because the Court of Appeals denied his motion for a stay, applicant has an especially heavy burden. "When a matter is pending before a court of appeals, it long has been the practice of Members of this Court to grant stay applications only 'upon the weightiest considerations.'" *Fargo Women's Health Organization* v. *Schafer,* 507 U. S. 1013, 1014 (1993) (O'CONNOR, J., concurring in denial of stay application) (quoting *O'Rourke* v. *Levine,* 80 S. Ct. 623, 624, 4 L. Ed. 2d, 615, 616 (1960) (Harlan, J., in chambers); see also *Beame* v. *Friends of the Earth,* 434 U. S. 1310, 1312 (1977) (Marshall, J., in chambers) (a stay applicant's "burden is particularly heavy when . . . a stay has been denied by the District Court and by a unanimous panel of the Court of Appeals").

Applicant raises three challenges to the enforcement of the subpoena. First, he contends that the subpoena is impermissibly broad and seeks information beyond the defined subject matter of the pending Committee investigation. In applicant's view, the subpoena should have been limited to those documents pertaining to the Committee's initial inquiry into allegations regarding sexual misconduct; as it stands now, the subpoena, according to applicant, is tantamount to a general warrant. See *Stanford* v. *Texas,* 379 U. S. 476, 480 (1965) (holding that general warrants are clearly forbidden by the Fourth Amendment).

As we stated in *Oklahoma Press Publishing Co.* v. *Walling,* 327 U. S. 186, 209 (1946), determining whether a subpoena is overly broad "cannot be reduced to formula; for relevancy and adequacy or excess in the breadth of the subpoena are matters variable in relation to the nature, purposes and scope of the inquiry." Because resolution of applicant's claim would entail a factbound determination of the nature and scope of respondent's investigation, I do not think his claim raises an issue on which four Members of the Court

would grant certiorari. Cf. *United States* v. *Nixon*, 418 U. S. 683, 702 (1974) ("Enforcement of a pretrial subpoena *duces tecum* must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues"). Moreover, whatever merit applicant's argument may have had initially, it has been seriously undermined by the evidence, presented to the District Court, that his diary transcripts and tapes have been altered. Regardless of the scope of respondent's initial inquiry, surely respondent has the authority to investigate attempts to obstruct that inquiry, and the evidence of tampering very likely renders all of the requested diary entries relevant to that investigation.

Applicant next asserts that the subpoena violates his Fourth Amendment right to privacy. The District Court, relying on our decisions in *O'Connor* v. *Ortega*, 480 U. S. 709 (1987), and *Nixon* v. *Administrator of General Services*, 433 U. S. 425 (1977), balanced applicant's privacy interests against the importance of the governmental interests. The court concluded that the latter outweighed the former. Applicant does not quarrel with the legal standard applied by the District Court, only with its conclusion. Because this claim thus also involves only a factbound determination, I do not think certiorari would be granted to review it.

Finally, applicant argues that the subpoena violates his Fifth Amendment protection against self-incrimination. He relies primarily on *Boyd* v. *United States*, 116 U. S. 616 (1886), and argues that the Courts of Appeals are in conflict as to whether *Boyd* remains controlling with regard to the production of private papers. We recently denied a petition for certiorari raising this precise issue. See *Doe* v. *United States*, *ante*, p. 1091. Our recent denial demonstrates quite clearly the unlikelihood that four Justices would vote to grant review on this issue. See *South Park Independent School Dist.* v. *United States*, 453 U. S. 1301, 1304 (1981) (Powell, J., in chambers) (denying stay application because it

raised issues "almost identical to those presented three years ago, when the Court voted to deny certiorari").

Accordingly, the request for a stay is denied.