**UNITED STATES of America, Plaintiff,**

v.

**Iwan MANDYCZ, Defendant.**

**No. Civ. 00–40148.**

United States District Court, E.D. Michigan, Southern Division.

May 1, 2002.

---

Robert W. Haviland, Assistant United States Attorney, Flint, MI, Jonathan Drimmer, Senior Trial Attorney, Michelle Heyer, Trial Attorney, Office of Special Investigations, U.S. Department of Justice, Washington, DC, for plaintiff.

Andrew J. Haliw, Joseph A. Siciliano, Tracy S. Thomas, Katherine A. Jarred, Haliw, Siciliano, Farmington Hills, MI, defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

Before the Court is Defendant Iwan Mandycz's motion for summary judgment [docket entry 85]. Pursuant to Local Rule 7.1(e)(2), the Court has determined that oral argument will not significantly aid in the disposition of this motion. For reasons set forth below, this Court denies Defendant's motion for summary judgment.

## I. BACKGROUND

Familiarity with the facts of this case, as set forth in detail in the Court's previous orders, is presumed. In summary, the Government's complaint alleges that: Defendant Iwan Mandycz illegally procured U.S. citizenship in violation of the Displaced Persons Act of 1948 ("DPA"), Pub.L. No. 80–774, ch. 647, 62 Stat. 1009 (1948), because he assisted an enemy of the United States in persecution of civil populations; Defendant illegally procured U.S. citizenship in violation of the DPA because he was a member of or participated in a movement hostile to the United States; and Defendant procured U.S. citizenship in violation of 22 C.F.R. § 53.33 (1949) because he acquiesced in conduct and activities contrary to civilization and

human decency by serving as an armed guard at *Schutzstaffel* ("SS") labor camps in Poland.

Defendant's motion for summary judgment raises two issues: (1) whether the doctrine of laches bars the Government's suit; and (2) whether due process bars the Government's suit because Defendant is incompetent to stand trial.

## II. DISCUSSION

### A. LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Martin v. Ohio Turnpike Commission*, 968 F.2d 606, 608 (6th Cir.1992).

In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party. *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir.1987). The Court is not required or permitted, however, to judge the evidence or make findings of fact. *Id.* at 1435–36. The moving party has the burden of showing conclusively that no genuine issue of material fact exists. *Id.* at 1435.

A fact is "material" for purposes of summary judgment where proof of that fact would have the effect of establishing or refuting an essential element of the cause of action or a defense advanced by the parties. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir.1984). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Accordingly, where a reasonable jury could not find that the nonmoving party is entitled to a verdict, there is no genuine issue for trial and summary judgment is appropriate. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir.1993).

Once the moving party carries the initial burden of demonstrating that no genuine issues of material fact are in dispute, the burden shifts to the nonmoving party to present specific facts to prove that there is a genuine issue for trial. To create a genuine issue of material fact, the nonmoving party must present more than just some evidence of a disputed issue. As the United States Supreme Court has stated, "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. 2505 (citations omitted); *see Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548; *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Consequently, the nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transportation Service, Inc.*, 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd*, 929 F.2d

701, 1991 WL 49687 (6th Cir.1991). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505; *see Cox v. Kentucky Department of Transportation,* 53 F.3d 146, 150 (6th Cir.1995).

## B. ANALYSIS

### 1. LACHES DEFENSE

Defendant asserts that he is entitled to summary judgment based upon the equitable doctrine of laches. Specifically, Defendant argues that the Government was not diligent in pursuing this action, and that the Government's lack of diligence prejudiced him.

■ The defense of laches generally is not available against the Government. *Costello v. United States,* 365 U.S. 265, 281, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961); *United States v. Summerlin,* 310 U.S. 414, 416, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940); *United States v. Weintraub,* 613 F.2d 612, 618–19 (6th Cir.1979); *United States v. Arrow Transp. Co.,* 658 F.2d 392, 394–95 (5th Cir.1981). Accordingly, courts have barred the defense of laches against the Government in the context of denaturalization proceedings. *See Costello,* 365 U.S. at 281, 81 S.Ct. 534 (observing that lower courts consistently have recognized "that delay which might support a defense of laches in ordinary equitable proceedings between private litigants will not bar a denaturalization proceeding brought by the Government"); *United States v. Trifa,* 662 F.2d 447, 448 (6th Cir.1981) (noting the district court's holding that laches defense is not available in a denaturalization suit); *United States v. Schmidt,* No. 88–9475, 1990 WL 6667, at \*10 (N.D.Ill. Jan. 3, 1990) (holding that laches is not a defense in a denaturalization proceeding), *aff'd,* 923 F.2d 1253 (7th Cir.1991); *United*

*States v. Kairys,* 600 F.Supp. 1254, 1264 (N.D.Ill.1984) (same), *aff'd on other grounds,* 782 F.2d 1374 (7th Cir.1986); *cf. Fedorenko v. United States,* 449 U.S. 490, 517, 101 S.Ct. 737, 66 L.Ed.2d 686 (1981) (concluding that "district courts lack equitable discretion to refrain from entering judgment of denaturalization").

■ This Court concludes that the defense of laches is not available against the Government in a denaturalization proceeding. Therefore, the Court rejects Defendant's argument as a matter of law and need not address whether issues of fact exist that would support the elements of a laches defense.

### 2. DUE PROCESS DEFENSE

Defendant argues that due process bars this denaturalization proceeding against him because he is incompetent to stand trial. On April 19, 2002, this Court ordered an evidentiary hearing in order to assess the factual basis of Defendant's claim of incompetence. The Court also ordered supplemental briefing on the issue of the appropriate legal standard to apply in assessing a defendant's competence in the context of a denaturalization proceeding. Upon review of the authorities submitted in the parties' supplemental briefs, and for the reasons set forth below, this Court concludes that due process does not prevent a denaturalization proceeding against an incompetent defendant. Thus, the Court need not conduct an evidentiary hearing on this issue.

Defendant asserts that the same due process considerations which bar criminal prosecution of incompetent defendants, *see, e.g., Drope v. Missouri,* 420 U.S. 162, 172, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975), should apply to denaturalization proceedings. Defendant argues "that denaturalization cases differ sharply from typical civil cases, both as to the issues involved and the consequences at stake." The

Court rejects this argument on two grounds.

■ First, denaturalization proceedings are "civil" suits. *Schneiderman v. United States,* 320 U.S. 118, 160, 63 S.Ct. 1333, 87 L.Ed. 1796 (1943); *Brown v. United States,* 234 F.2d 140, 143 (6th Cir. 1956); *United States v. Schellong,* 717 F.2d 329, 336 (7th Cir.1983) (noting that "a denaturalization suit has never been considered to be a criminal prosecution"; rejecting argument that Article III and the Sixth Amendment require a jury trial in a denaturalization suit). In a civil action, incompetence to stand trial is not a defense. *See* Fed.R.Civ.P. 17(c) (providing for the appointment of a representative who may sue or defend on behalf of an incompetent person in a civil suit).

Second, the Court finds relevant the due process protections afforded to incompetent defendants in deportation proceedings, which carry a consequence more drastic than denaturalization's consequence. The Supreme Court has noted that "drastic deprivations . . . may follow when a resident of this country is compelled by our Government to forsake all the bonds formed here and go to a foreign land where he often has no contemporary identification." *Woodby v. INS,* 385 U.S. 276, 285, 87 S.Ct. 483, 17 L.Ed.2d 362 (1966). Indeed, "[t]he immediate hardship of deportation is often greater than that inflicted by denaturalization, which does not, immediately at least, result in expulsion from our shores. And many resident aliens have lived in this country longer and established stronger family, social, and economic ties here than some who have become naturalized citizens." *Id.* at 286, 87 S.Ct. 483. Thus, the Supreme Court requires in deportation proceedings the same heightened burden of proof that is required in denaturalization proceedings: "clear, unequivocal, and convincing evidence." *Id.*

■ Nevertheless, due process does not protect an incompetent defendant from deportation. *Nee Hao Wong v. INS,* 550 F.2d 521, 523 (9th Cir.1977) (noting that "[d]eportation . . . is not a criminal proceeding, and the full trappings of procedural protections that are accorded criminal defendants are not necessarily constitutionally required for deportation proceedings"); *De Leon–Lopez v. INS,* No. 98–70901, 1999 WL 993675, at *1 (9th Cir. Nov.1, 1999); *Sanchez–Salvador v. INS,* No. 92–70828, 1994 WL 441755, at *1 (9th Cir. Aug.15, 1994); *see also Nelson v. INS,* 232 F.3d 258, 261–62 (1st Cir.2000) (noting that INS regulations "provide[ ] for custodial or other representation of incompetent aliens") (citing 8 C.F.R. § 240.4). This is so despite the fact that "[a]liens subject to deportation proceedings are, indeed, protected by the constitutional right to procedural due process." *Nee Hao Wong,* 550 F.2d at 523 (citing *The Japanese Immigrant Case,* 189 U.S. 86, 100–01, 23 S.Ct. 611, 47 L.Ed. 721 (1903)). Thus, if due process does not protect incompetent defendants from deportation, *a fortiori,* it does not protect incompetent defendants from denaturalization.

■ For the reasons stated above, this Court concludes that due process does not bar a denaturalization proceeding against an incompetent defendant. Therefore, the Court need not address whether issues of fact exist as to Defendant's competence to stand trial.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment [Docket Entry 85] is **DENIED.**

**SO ORDERED.**