UNITED STATES of America,
Plaintiff,

v.

Iwan MANDYCZ, Defendant.

No. CIV.00–40148.

United States District Court,
E.D. Michigan,
Southern Division.

June 9, 2004.

Hillary A. Davidson, Jonathan Drimmer, U.S. Department of Justice, Washington, DC, Robert W. Haviland, U.S. Attorney's Office, Flint, MI, for Plaintiff.

Elias T. Xenos, Andrew J. Haliw, Joseph A. Siciliano, Haliw, Siciliano, Richard P. Zipser, Farmington Hills, MI, Katherine A. Jarred, Ward, Anderson, Bloomfield Hills, MI, Tracy S. Thomas, Plymouth, MI, for Defendant.

---

## *ORDER*

GADOLA, District Judge.

## I. INTRODUCTION

Before the Court is Defendant's motion to stay proceedings pending the United States Supreme Court's decision on Defendant's petition for writ of certiorari. Trial is scheduled to begin in this action on June 14, 2004. Because the Court determines that it is improbable that four Justices would vote to grant certiorari in this case or that the Supreme Court would reverse the Sixth Circuit's decision, the Court will deny Defendant's motion.

## II. BACKGROUND

The procedural background relevant to Defendant's motion is as follows. On May 1, 2002, this Court denied Defendant's motion for summary judgment, holding that (1) the equitable doctrine of laches is not a defense in a denaturalization proceeding, and (2) due process is not a bar to a denaturalization proceeding against an incompetent defendant. *See United States v. Mandycz*, 199 F.Supp.2d 671, 674–75 (E.D.Mich.2002). On May 23, 2002, Defendant moved to certify this Court's order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). This Court denied Defendant's motion for interlocutory appeal on June 24, 2002. Trial was set to begin on July 16, 2002. On July 1, 2002, Defendant filed a notice of appeal, based on 28 U.S.C. § 1291 and the collateral order doctrine. On July 3, 2002, Defendant filed a motion for a stay of the trial pending appeal. This Court determined that the notice of appeal divested this Court of jurisdiction, and therefore granted the motion to stay the proceedings pending the appeal.

On December 4, 2003, the Sixth Circuit dismissed Defendant's appeal for lack of jurisdiction. The Sixth Circuit reasoned that "[e]ven if the district court's ruling on the mental competency and laches issues was conclusive and separate from the merits of the action, [Defendant] cannot satisfy the third prong of the collateral order analysis, which requires that the order be 'effectively unreviewable' on appeal from a final judgment of the district court." *United States v. Mandycz*, 351 F.3d 222, 224 (6th Cir.2003).

On January 20, 2004, Defendant filed a motion for rehearing en banc with the Sixth Circuit. The Sixth Circuit denied this motion on March 4, 2004. The mandate then issued on March 12, 2004, providing this Court with jurisdiction. On March 19, 2004, the Court set the matter for trial on May 10, 2004. The parties then stipulated to adjourn the trial until June 14, 2004. On June 1, 2004, Defendant filed a petition for a writ of certiorari.

On June 2, 2004, Defendant filed this motion to stay the proceedings with this Court, as well as a motion with the Sixth Circuit to recall the mandate. The Government submitted a response to this motion and Defendant submitted a reply brief for this Court's expedited review.

### III. ANALYSIS

▉ The Sixth Circuit has held that whether to enter a stay "ordinarily rests with the sound discretion of the district court." *Ohio Envtl. Council v. United States Dist. Ct., S.D. Ohio,* 565 F.2d 393, 396 (6th Cir.1977). The Sixth Circuit further explained that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants." *Id.* (citing *Landis v. North Am. Co.,* 299 U.S. 248, 254–55, 57 S.Ct. 163, 81 L.Ed. 153 (1936)).

▉ In this case, Defendant seeks a stay for the specific purpose of awaiting the Supreme Court's decision on a petition for a writ of certiorari. The Supreme Court has articulated specific criteria to examine if considering a stay in this situation. "[J]udges of the lower courts [ ] apply the same criteria" as the Supreme Court. *United States v. Holland,* 1 F.3d 454, 456 (7th Cir.1993). To obtain a stay, "[a]n applicant must demonstrate: (1) a reasonable probability that four Justices would vote to grant certiorari; (2) a significant possibility that the [Supreme] Court would reverse the judgment below; and (3) a likelihood of irreparable harm, assuming the correctness of the applicant's position, if the judgment is not stayed." *Packwood v. Senate Select Comm. on Ethics,* 510 U.S. 1319, 114 S.Ct. 1036, 1037, 127 L.Ed.2d 530 (1994) (Rhenquist, J., in chambers) (citing *Barnes v. E–Systems, Inc. Group Hosp. Med. & Surgical Ins. Plan,* 501 U.S. 1301, 1302, 112 S.Ct. 1, 115

L.Ed.2d 1087 (1991) (Scalia, J., in chambers)). The Court will therefore examine each of these factors.

▉ The first factor is whether there is a reasonable probability that four Justices would vote to grant certiorari. In its current procedural posture before the Supreme Court, this case provides a jurisdictional issue for review. Specifically, the Sixth Circuit dismissed Defendant's appeal for lack of appellate jurisdiction. The Sixth Circuit based this decision on the collateral order doctrine. *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Under the collateral order doctrine, an order may be immediately appealed if it (1) conclusively determines the disputed question; (2) resolves an important issue completely separate from the merits of the action; and (3) is effectively unreviewable on appeal. *See Starcher v. Correctional Medical Systems, Inc.,* 144 F.3d 418, 423 (6th Cir.1998). The Sixth Circuit determined that this Court's order denying summary judgment does not meet the third criterion; that is, the order is not "effectively unreviewable" on appeal. The petition for certiorari requests the Supreme Court to consider whether the denial of a summary judgment motion in a denaturalization proceeding, which is brought on the grounds of laches and due process, is "effectively unreviewable" on appeal.

To determine whether four Justices would vote to hear such an issue, the Court looks to the Supreme Court Rules for guidance. Rule 10 states:

> Review on a writ of certiorari is not a matter of right, but of judicial discretion. A petition for a writ of certiorari will be granted only for compelling reasons. The following, although neither controlling nor fully measuring the Court's discretion, indicate the character of the reasons the Court considers:

(a) a United States court of appeals has entered a decision in conflict with the decision of another United States court of appeals on the same important matter; has decided an important federal question in a way that conflicts with a decision by a state court of last resort; or has so far departed from the accepted and usual course of judicial proceedings, or sanctioned such a departure by a lower court, as to call for an exercise of this Court's supervisory power;

(b) a state court of last resort has decided an important federal question in a way that conflicts with the decision of another state court of last resort or of a United States court of appeals;

(c) a state court or a United States court of appeals has decided an important question of federal law that has not been, but should be, settled by this Court, or has decided an important federal question in a way that conflicts with relevant decisions of this Court.

Sup.Ct. R. 10. As this case does not involve a decision by a state court of last resort, provision (b) is inapplicable. Similarly, there does not appear to be any conflict between the Sixth Circuit's decision in this case and decisions of other circuits. In contrast, the Sixth Circuit's opinion cites decisions from the Second, Fifth, Tenth, and Eleventh Circuits as well as the District of Columbia Circuit. Provision (a) is therefore also inapplicable.

Defendant argues that this case raises "substantial questions" that "would fill a critical precedential void in the jurisprudence relating to denaturalization proceedings." Def. Br. at 11. This Court disagrees that such a void exists. Furthermore, the void, if any, would more properly be characterized as a void in the interpretation of "effectively unreviewable" under the collateral order doctrine. It does not appear that courts have struggled with determining whether an order is effectively unreviewable. Additionally, such an issue is of limited applicability and brought in an unusual and procedurally complicated case. Consequently, this Court believes that the Supreme Court will not find "compelling reasons" to consider this case, as it does not present an opportunity to address an important and unsettled aspect of federal law under provision (c).

As noted above, the factors for granting a stay require an applicant to demonstrate "a reasonable probability that four Justices would vote to grant certiorari." *Packwood*, 114 S.Ct. at 1037. A reasonable probability has not been demonstrated in this case, based on a review of the rule guiding Supreme Court decisions regarding certiorari petitions. Petitions for certiorari are rarely granted. *See* Margaret Meriwether Cordray & Richard Cordray, *The Calendar of the Justices: How the Supreme Court's Timing Affects its Decisionmaking*, 36 Ariz. St. L.J. 183, 204 (2004) ("Based on our statistics from nine of the terms from 1992 to 2002, the Court granted, on average, 1.19% of the petitions for certiorari that it reviewed."). This case does not present significant or conflicting issues that the Supreme Court has a reasonable probability of considering. As Defendant does not demonstrate this required factor, the stay should be denied.

■ Although the analysis could conclude based on the absence of a reasonable probability of the Supreme Court granting certiorari, the Court will also address the second and third factors. The second factor is the likelihood of reversal. This Court believes that the Sixth Circuit's decision on the collateral order doctrine is unlikely to be reversed. The Supreme Court has repeatedly stated that piecemeal appeals should be avoided. For example, the Supreme Court stated:

the "narrow" exception [of the collateral order doctrine that allows non-final deci-

sions to be appealed] should stay the way and never be allowed to swallow the general rule, that a party is entitled to a single appeal, to be deferred until final judgment has been entered, in which claims of district court error at any stage of the litigation may be ventilated. We have accordingly described the conditions for collateral order appeal as stringent and have warned that the issue of appealability ... is to be determined ... without regard to the chance that the litigation at hand might be speeded or a "particular injustice" averted by a prompt appellate court decision.

*Digital Equip. Corp. v. Desktop Direct, Inc.,* 511 U.S. 863, 865, 114 S.Ct. 1992, 128 L.Ed.2d 842 (1994) (citations omitted). As the Sixth Circuit has reasoned, the situations in which courts have found a decision to be effectively unreviewable are categorically distinguishable from the situation in the present case. *See Mandycz,* 351 F.3d at 224–26. Accordingly, Defendant has also failed to demonstrate this required element for a stay.

Finally, the Court examines the likelihood of irreparable harm. Defendant argues that he will suffer irreparable harm if trial proceeds in this case. He argues that a trial will exacerbate his physical and mental conditions, thereby irreparably harming his health. The Court notes that Defendant does not present any new evidence for this claim, but cites exhibits to his 2002 motion for summary judgment. The Government also suggests that any harm could be avoided because Defendant "can elect to remain at home." Pl. Resp. at 20. Even assuming this factor is met, Defendant has failed to demonstrate the other two factors.

As the Supreme Court noted, Defendant "must demonstrate" each of the three factors. *Packwood,* 114 S.Ct. at 1037. As discussed above, the Court determines that it is improbable that four Justices will vote to grant certiorari and that it is similarly improbable that the Supreme Court would reverse the Sixth Circuit. Accordingly, a stay is not warranted.

■ Furthermore, "the burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council,* 565 F.2d at 396. In this case, Defendant has not demonstrated a pressing need for delay. The Court notes that Defendant waited over two months after this Court set the matter for trial to file his petition for a writ of certiorari and motion for a stay. Now, less than two weeks before trial is set to begin, Defendant seeks to delay the trial with tactics reminiscent of those used two years ago in this case, when Defendant filed an uncertified appeal with the Sixth Circuit, thereby divesting this Court of jurisdiction and staying the case. While Defendant is certainly entitled to wait until the final days to file a petition for certiorari, such conduct does not suggest that there is a pressing need for a petition or for further delay.

As the Court has scheduled this matter for trial on June 14, 2004, with ample notice to the parties, the Court determines that the public interest in the efficient administration of justice would best be served by this matter proceeding to trial without further delay. So long as this Court retains the mandate, trial will proceed as scheduled.

## IV. CONCLUSION

**ACCORDINGLY, IT IS HEREBY ORDERED** that the Defendant's motion to stay proceedings [docket entry 164] is **DENIED.**