UNITED STATES of America;
Plaintiff and Appellee,

v.

Francis Leo CAPPAERT et al.,
Defendants and Appellants,
and

State of Nevada ex rel. Roland D. Wester-
gard, State Engineer, Intervenor and
Appellant.

No. 73-2168.

United States Court of Appeals,

Ninth Circuit.

Aug. 20, 1973.

Samuel S. Lionel, of Lionel, Sawyer, Collins & Wartman, Las Vegas, Nev., for defendants and appellants.

DeVoe Heaton, U. S. Atty., Peter D. Laxalt, George Allison, Sp. Deputy Attys. Gen., Carson City, Nev., for plaintiff and appellee.

ORDER

Before CHAMBERS and WALLACE, Circuit Judges, and SCHWARTZ,* District Judge.

PER CURIAM:

This court is of the view that the preliminary injunction issued in the district court should be modified there to provide that the pumping of defendants be restricted to the extent necessary to maintain the water level of Devil's Hole at its level existing as of the date of the filing of this order; that is, as best the actual level as of this date can be ascertained; or at the level existing on August 7, 1973, whichever is higher.

This more nearly serves to preserve the status quo than the temporary injunction granted in District Court.

We regard the circumstance that there is apparently no recourse to defendants-appellants for damages (if the preliminary injunction was improvidently issued) as a strong equity to weigh in the balance for the defendants.

Further, on our present record there is little reason to believe that the present order we now direct will result in the extinction as a species of the pupfish in Devil's Hole.

Further, we make this comment: We see no reason that the government should not have here now sought to get this case to trial on the merits and a final decree entered. It is doubtful if there is much more evidence to be presented. And it is not right for the government to prolong the entire litigation one day longer than is necessary.

Our decision is effective immediately as a judgment and mandate.

If the government can represent that it can and would legally indemnify the defendants against loss if it eventually develops that the original temporary injunction was improvidently issued, the court as now constituted would be willing to entertain a motion to reconsider this order.

Remanded for proceedings consistent herewith.

---

* The Honorable Edward J. Schwartz, United States District Judge for the Southern District of California, sitting by designation.