904 F.2d 709
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
William R. MATTISON, Defendant
Sumter L. Camp, court-appointed guardian for the defendant,
William Mattison, Guardian-Appellant.
 No. 90-5661.
 United States Court of Appeals, Sixth Circuit.
 June 6, 1990.
 
 Before KRUPANSKY and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 The former guardian and attorney for the defendant in this criminal proceeding has filed a notice of appeal from the district court's order finding the defendant competent to stand trial. The district court's docket sheet indicates that a trial date of June 12, 1990, has been set in this matter. The guardian moves for a stay of the district court's order relieving him as counsel and of the trial date in this matter. He asserts that a stay is necessary to preserve the issue of defendant's competency since defendant's present counsel argued defendant could stand trial.
 
 
 2
 This Court has appellate jurisdiction in appeals from all final orders of district courts. 28 U.S.C. Sec. 1291. In a criminal case, the final judgment for purposes of appeal is the sentence, and appellate review is generally prohibited until conviction and sentence. Flanagan v. United States, 465 U.S. 259, 263 (1984). Although some matters have been held to be immediately appealable as collateral orders pursuant to Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949), that exception has been strictly construed in criminal cases. See Midland Asphalt Corp. v. United States, 109 S.Ct. 1494, 1498 (1989).
 
 
 3
 An adjudication of sanity in a preliminary proceeding is not immediately appealable where the defendant may appeal the issue upon a conviction and sentence. United States v. Bendicks, 439 F.2d 1120, 1121 (5th Cir.1971) (per curiam); cf. Vardas v. Estelle, 715 F.2d 206, 208 (5th Cir.1983), cert. denied, 465 U.S. 1104 (1984) (no constitutional right to appeal a determination of competency to stand trial). An order committing the defendant for a determination of competency is in some cases immediately appealable. United States v. Gold, 790 F.2d 235, 238 (2d Cir.1986). However, unlike orders of commitment, competency determinations by district courts remain reviewable in an appeal from conviction and sentence. See e.g. United States v. Caraza, 843 F.2d 432, 436 (11th Cir.1988); United States v. Vamos, 797 F.2d 1146, 1150-51 (2d Cir.1986), cert. denied, 479 U.S. 1036 (1987). In the instant case, the district court's determination regarding the defendant's competency may be reviewed on appeal from conviction and sentence. Further, defendant may raise the issue of competency at any time prior to sentence. See 18 U.S.C. Sec. 4241. Accordingly, immediate appeal is not necessary to preserve any right to the defendant.
 
 
 4
 It is therefore ORDERED that this appeal is dismissed sua sponte for lack of jurisdiction. Rule 9(b)(1), Local Rules of Court. The motion for a stay is denied as moot.