*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0425P (6th Cir.)
File Name: 03a0425p.06

# UNITED STATES COURT OF APPEALS

### FOR THE SIXTH CIRCUIT

———————

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

  *v.*                                    No. 02-1846

IWAN MANDYCZ,
  *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Michigan at Flint.
No. 00-40148—Paul V. Gadola, District Judge.

Submitted: September 25, 2003

Decided and Filed: December 4, 2003

Before: COLE and CLAY, Circuit Judges; COLLIER,
District Judge.[*]

———————

### COUNSEL

**ON BRIEF:** Andrew J. Haliw III, Tracy S. Thomas, Joseph
A. Siciliano, HALIW, SICILIANO & MYCHALOWYCH,

———————

[*] The Honorable Curtis L. Collier, United States District Judge for the
Eastern District of Tennessee, sitting by designation.

Farmington Hills, Michigan, Richard P. Zipser, Southfield,
Michigan, for Appellant. Jonathan C. Drimmer, Michelle
Heyer, UNITED STATES DEPARTMENT OF JUSTICE,
SPECIAL INVESTIGATIONS, Washington, D.C., for
Appellee.

———————

### OPINION

———————

  R. GUY COLE, JR., Circuit Judge. Plaintiff-Appellee, the
United States, moves to dismiss the interlocutory appeal of
Defendant-Appellant, Iwan Mandycz, for lack of jurisdiction.
Because the district court's denial of Mandycz's motion for
summary judgment was not a "final order" of the district
court pursuant to 28 U.S.C. § 1291, we dismiss Mandycz's
interlocutory appeal for lack of jurisdiction.

  In the underlying complaint, the Government seeks
Mandycz's denaturalization based on his alleged service at
two Nazi-run labor camps during World War II. In the
district court, Mandycz moved for summary judgment on two
grounds. First, he claimed that laches bars the
denaturalization action because the Government unreasonably
delayed filing its complaint and that the delay prejudiced
Mandycz because his mental capacity diminished in the
intervening period. Second, he claimed that the
denaturalization action should be dismissed because he is
mentally incompetent. Mandycz contends that he suffers
from Alzheimer's disease and cannot effectively participate
in his own defense.

  Initially, the district court ordered a competency hearing
and requested briefing from both parties on the applicability
of mental competency standards to denaturalization
proceedings. However, after considering the parties' briefs,
the court ruled that incompetency to stand trial is not a
defense to a denaturalization action. The court, therefore,

cancelled the competency hearing. The district judge also held that laches is unavailable as a defense against the Government in a denaturalization proceeding. Accordingly, the district court denied Mandycz's motion for summary judgment. The district court later denied Mandycz's request to certify the competency and laches issues in an interlocutory appeal to this Court pursuant to 28 U.S.C. § 1292(b). The instant uncertified interlocutory appeal followed. Although trial was scheduled to begin on July 16, 2002, the district court granted Mandycz's motion for a stay of the trial's commencement pending our disposition of the instant appeal.

The Government now moves to dismiss the interlocutory appeal on the ground that this Court lacks jurisdiction to consider it because the district court's denial of Mandycz's motion for summary judgment was not a final order. Mandycz opposes the Government's motion to dismiss, contending that the competency and laches issues are immediately appealable pursuant to the collateral order doctrine set forth in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949).

This Court's jurisdiction is limited to "final decisions" of the district courts. 28 U.S.C. § 1291. However, the collateral order doctrine establishes that a "small class" of interlocutory appeals are immediately appealable, since they amount to "final decisions" within the meaning of 28 U.S.C. § 1291. *Cohen*, 337 U.S. at 546. That small class of appealable collateral orders "includes only decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action." *Swint v. Chambers County Com'n*, 514 U.S. 35, 42 (1995) (citing *Cohen*, 337 U.S. at 546). "If the order at issue fails to satisfy any one of these requirements, it is not appealable under the collateral-order exception." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 276 (1988).

Even if the district court's ruling on the mental competency and laches issues was conclusive and separate from the merits of the action, Mandycz cannot satisfy the third prong of the collateral order analysis, which requires that the order be "effectively unreviewable" on appeal from a final judgment of the district court. Rights that are effectively unreviewable on appeal are those that "cannot be effectively vindicated after the trial has occurred." *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985) ("A major characteristic of the denial or granting of a claim appealable under *Cohen*'s 'collateral order' doctrine is that 'unless it can be reviewed before [the proceedings terminate], it can never be reviewed at all.'") (quoting *Stack v. Boyle*, 342 U.S. 1, 12 (1952) (opinion of Jackson, J.)). Orders implicating claims of immunity – or claims tantamount to immunity – are the most common examples of collateral orders because immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Id.* at 526 (district court's denial of a claim of absolute immunity is an order appealable before final judgment). Pursuant to similar reasoning, the Supreme Court has also held immediately appealable orders denying a motion to dismiss an indictment on double jeopardy grounds, *Abney v. United States*, 431 U.S. 651 (1977), and orders denying a motion to dismiss an indictment based on immunity rooted in the Speech and Debate Clause of the United States Constitution, *Helstoski v. Meanor*, 442 U.S. 500 (1979).

Other effectively unreviewable orders are those that result in a loss of liberty that cannot be corrected on appeal. For instance, the Supreme Court has held that an order denying a motion to reduce bail is reviewable as a collateral order because if the appeal was not allowed, no remedy exists down the line for the resulting loss of liberty. *Stack v. Boyle*, 342 U.S. 1 (1951). In addition, it is well-established that orders of commitment for psychiatric examination are immediately appealable. *See, e.g., United States v. Davis*, 93 F.3d 1286 (6th Cir. 1996). In *Davis*, the Sixth Circuit explained:

[L]oss of liberty occasioned by the commitment for examination, and the forced intrusion of a court-ordered psychiatric examination, are completely unreviewable by the time of final judgment. Appellate review after final judgment would be available only if the defendant is found guilty, and even then, no effective relief could be provided for her loss of liberty during the period of commitment.

93 F.3d at 1289 (citing *United States v. Weissberger*, 951 F.2d 392, 396 (D.C. Cir. 1991). The competency and laches issues decided by the district court in Mandycz's case fail the *Cohen* analysis and do not fall into the small class of orders that courts have found immediately appealable. First, both issues are fully reviewable on appeal after a decision on the merits. Second, neither the competency nor the laches issue is tantamount to immunity nor entails an uncorrectable loss of liberty along the lines of psychiatric commitment or the denial of bail.

Although Mandycz argues that his incompetency claim – if accepted by the court as equivalent to that of a criminal defendant's incompetency claim – is tantamount to immunity, a finding that a criminal defendant is incompetent merely postpones the proceedings until such time that the defendant is competent to stand trial.[1] Unlike the protection afforded by

---

[1] Denaturalization proceedings are technically considered suits in equity, not criminal actions. *Fedorenko v. United States*, 449 U.S. 490, 516 (1981). However, because at present, mental incompetency is only recognized as a defense to trial in criminal proceedings, our analysis is necessarily based on the corpus of law encompassing mental incompetency in the context of criminal cases. In civil cases, the competency of a defendant is not irrelevant, of course. Incompetent and infant civil defendants are entitled to the appointment of a guardian *ad litem*. *See* Fed. R. Civ. P. 17(c). However, a civil defendant's mental incompetence does not trigger an abatement of trial as it does in the criminal context. The district court has never made a finding concerning Mandycz's competence, but it has appointed him a guardian *ad litem*. In his interlocutory appeal, however, Mandycz claims that the mental

absolute immunity or the Double Jeopardy Clause, the incompetency of a criminal defendant does not implicate an absolute right not to be tried. *Mitchell*, 472 U.S. at 525. Accordingly, courts that have addressed this issue have consistently ruled that competency determinations – unlike commitment orders – are not appealable as collateral orders because they are fully reviewable following the final judgment of the district court. *See United States v. Mattison*, 904 F.2d 709, 1990 WL 75252, at *1 (6th Cir. June 6, 1990); *see also United States v. Caraza*, 483 F.2d 432, 436 (11th Cir. 1988); *United States v. Vamos*, 797 F.2d 1146, 1150-51 (2d Cir. 1986), *cert. denied*, 479 U.S. 1036 (1987); *United States v. Bendicks*, 439 F.2d 1120, 1121 (5th Cir. 1971) (per curiam). We therefore find that the district court's ruling concerning a defendant's competency in denaturalization proceedings is not appealable as a collateral order.

Although the Sixth Circuit has not considered the laches defense in the context of *Cohen*, it routinely reviews laches claims after decisions on the merits, indicating that these decisions are effectively reviewable on appeal. *See, e.g., Herman Miller, Inc. v. Palazzetti Imports & Exports, Inc.*, 270 F.3d 298 (6th Cir. 2001); *City of Wyandotte v. Consol. Rail Corp.*, 262 F.3d 581 (6th Cir. 2001). Other courts have explicitly refused to consider laches claims on an interlocutory basis. *See, e.g., Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1200 (10th Cir. 2002). In addition, it is well-settled in this circuit that an order denying a motion to dismiss on statute of limitations grounds is not immediately appealable pursuant to the collateral order doctrine. *United States v. Pi*, 174 F.3d 745, 750-51 (6th Cir. 1999) (citing *United States v. Davis*, 873 F.2d 900, 908-09 (6th Cir.), *cert. denied*, 493 U.S. 923 (1989)); *see also United States v. Weiss*, 7 F.3d 1088, 1089-91 (2d Cir. 1993). This Court explained that "[u]nlike the protection afforded by the Double Jeopardy

---

incompetency standards and protections applicable in criminal cases should also apply to denaturalization proceedings.

Clause," a statute of limitations defense "does not . . . encompass a 'right not to be tried' which must be upheld prior to trial if it is to be enjoyed at all." *Davis*, 873 F.2d at 909 (quoting *United States v. MacDonald*, 435 U.S. 850, 861 (1978)).  Because laches is an equitable defense similar to a statute of limitations, we find the same reasoning applicable. Therefore, we hold that an order denying a motion to dismiss or a motion for summary judgment on laches grounds is not immediately appealable pursuant to the collateral order doctrine.

   For the foregoing reasons, this Court lacks jurisdiction to consider Mandycz's interlocutory appeal.  Accordingly, the appeal is DISMISSED.