**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JOURNEY MARIE NO RUNNER,
*Defendant-Appellant.*

No. 08-30449

D.C. No.
4:08-cr-00088-
SEH-1

OPINION

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted
November 3, 2009—Portland, Oregon

Filed December 30, 2009

Before: Alex Kozinski, Chief Judge, Raymond C. Fisher
and Richard A. Paez, Circuit Judges.

Opinion by Judge Fisher

16837

## COUNSEL

Eric Vincent Carroll, Assistant U.S. Attorney, Great Falls, Montana, for the plaintiff-appellee.

R. Henry Branom, Jr., Assistant Federal Public Defender, Great Falls, Montana, for the defendant-appellant.

## OPINION

FISHER, Circuit Judge:

Journey Marie No Runner appeals from a pretrial order finding her competent to stand trial. Because a pretrial competency determination is a non-final order and the collateral order doctrine does not apply, we dismiss her appeal for lack of jurisdiction.

## BACKGROUND

The government charged No Runner with stealing a sport utility vehicle, driving recklessly and causing an accident that killed one person and injured two others. She faces one count of involuntary manslaughter, 18 U.S.C. §§ 1153(a) and 1112, one count of theft, 18 U.S.C. §§ 1153(a) and 661, and two counts of assault resulting in serious bodily injury, 18 U.S.C. §§ 1153(a) and 113(a)(6).

No Runner pled not guilty, and moved for a psychiatric competency examination under 18 U.S.C. § 4241, arguing that she suffered "traumatic brain injury in the accident" and "has no memory of the events of the Indictment." The district court granted the motion, and Cynthia A. Low, Ph.D., a psychologist, conducted a forensic evaluation of No Runner at the Federal Detention Center in Seatac, Washington. Low acknowledged that No Runner lacked any memory of the events charged in the indictment, but nonetheless concluded that she was competent to stand trial:

> Overall, Ms. No Runner demonstrated an average ability to understand the nature and consequences of the court proceedings against her, and an average ability to properly assist counsel in her defense. From the available information, there is no evidence to indicate that Ms. No Runner suffers from a mental disorder that would substantially impair her present ability to understand the nature and consequences of the court proceedings brought against her, or impair her ability to assist counsel in her defense. Although her memory for the events described in the indictment is essentially nonexistent, she is able to consult with her attorney beyond this circumscribed amnesia, and is able to testify in her own behalf.

The district court held a competency hearing. Low, the only witness, testified that No Runner's claimed memory loss was

genuine, and that No Runner suffered from post-traumatic amnesiac disorder that deprived her of any memory of the events surrounding the accident. Nonetheless, Low opined that No Runner was competent to stand trial because "she's going to be able to consult and assist with her attorney beyond that very circumscribed memory loss." The district court found No Runner competent to stand trial. No Runner appealed. The district court proceedings have been stayed while this appeal has been pending.

## DISCUSSION

On appeal, No Runner contends that we have jurisdiction to review the district court's pretrial competency order under the collateral order doctrine, and that the court erred by finding her competent to stand trial. We conclude that the collateral order doctrine does not apply and that we lack jurisdiction. We therefore do not reach No Runner's contention that the district court's competency determination was in error.

**[1]** As a general rule, we have jurisdiction to review only "final decisions of the district courts." 28 U.S.C. § 1291. "In criminal cases, this rule ordinarily prohibits appellate review until a defendant is convicted and sentenced." *United States v. Friedman*, 366 F.3d 975, 978 (9th Cir. 2004). Under the collateral order doctrine, however, a non-final order is appealable if three conditions are satisfied.

> First, it "must conclusively determine the disputed question"; second, it must "resolve an important issue completely separate from the merits of the action"; third, it must "be effectively unreviewable on appeal from a final judgment."

*Flanagan v. United States*, 465 U.S. 259, 265 (1984) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978) (footnote omitted)).

Although it is undisputed that the district court's competency order satisfies the second condition for application of the collateral order doctrine because the order addressed an issue — competency — completely separate from the merits of the case, the order fails to satisfy the first and third conditions. A pretrial competency order does not conclusively determine the question of competency and it can be effectively reviewed following the final judgment.

## I.

**[2]** A pretrial order finding a defendant competent to stand trial does not "conclusively determine" the defendant's competency. Rather, the question of competency remains open throughout the trial, and may be raised by the defendant, or by the court, at any time.[1] As the Supreme Court has explained, "[e]ven when a defendant is competent at the commencement of his trial, a trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial." *Drope v. Missouri*, 420 U.S. 162, 181 (1975). The trial itself may furnish the strongest evidence of incompetency. "Among the factors we consider to determine whether there was sufficient evidence of incompetence are 'the defendant's irrational behavior, *his demeanor in court*, and any prior medical opinions on his competence.' " *United States v. Marks*,

---

[1]The governing statute states:

At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, . . . the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. The court shall grant the motion, or shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

18 U.S.C. § 4241(a).

530 F.3d 799, 814 (9th Cir. 2008) (quoting *United States v. Fernandez*, 388 F.3d 1199, 1251 (9th Cir. 2004)) (emphasis added).

[3] These considerations are particularly relevant where the question of competency turns on amnesia. Determining whether memory loss renders a defendant incompetent turns on consideration of several factors, including whether the crime and the defendant's whereabouts at the time of the crime can be reconstructed without the defendant's testimony and the strength of the government's case. *E.g.*, *United States v. Andrews*, 469 F.3d 1113, 1119 (7th Cir. 2006).[2] The answers to these questions may not be known prior to trial; it may be the trial itself that illuminates them. In such cases, a

---

[2]Although we have not previously had occasion to consider the effect of memory loss on incompetency, other circuits have done so. These courts have uniformly held that amnesia regarding the alleged crime does not constitute incompetence per se but may establish a basis for a finding of incompetence in a particular case. *See Andrews*, 469 F.3d at 1119; *United States v. Villegas*, 899 F.2d 1324, 1341 (2d Cir. 1990); *United States v. Rinchack*, 820 F.2d 1557, 1569 (11th Cir. 1987); *Davis v. Wyrick*, 766 F.2d 1197, 1202 (8th Cir. 1985); *United States v. Swanson*, 572 F.2d 523, 526 (5th Cir. 1978); *see also* 1 Wayne R. LaFave, *Substantive Criminal Law* § 8.1(a), at 567 (2d ed. 2003) ("[T]rial of an amnesiac defendant can be fundamentally unfair in some circumstances, and consequently trial judges must determine, on a case-by-case basis, whether the defendant could likely receive (and, at the conclusion of the trial, whether he in fact did receive) a fair trial."). These courts have relied on several nonexhaustive factors relevant to the competency determination, including: (1) whether the defendant has the ability to participate in his defense, such as by consulting with counsel and taking the stand on matters other than the amnesiac event; (2) whether the amnesia is temporary or permanent; (3) whether the crime and the defendant's whereabouts at the time of the crime can be reconstructed without the defendant's testimony; (4) whether access to government files would aid in preparing the defense; and (5) the strength of the government's case against the defendant. *See Andrews*, 469 F.3d at 1119; *Villegas*, 899 F.2d at 1341; *Rinchack*, 820 F.2d at 1569; *Swanson*, 572 F.2d at 526-27; *see also Davis*, 766 F.2d at 1202 & n.8 (relying on similar factors); LaFave, *supra*, § 8.1(a), at 567 n.27 (discussing factors).

pretrial finding of competency is necessarily subject to potential reconsideration. As the Seventh Circuit explained, "[i]f at any stage during or after trial, with or without motion by counsel, it becomes apparent that the defendant's amnesia may have rendered him incompetent and jeopardize the fairness of the trial, then the district court again must evaluate the defendant's competency." *Andrews*, 469 F.3d at 1120.

**[4]** These authorities convince us that a pretrial competency determination fails to satisfy the first condition for application of the collateral order doctrine. Such an order does not conclusively determine the issue of competency because the defendant may raise the issue anew during or following trial, or proceedings may compel the court to raise the issue sua sponte.

## II.

The district court's pretrial order also fails to meet the third condition for application of the collateral order doctrine. We are not persuaded that an order finding a defendant competent to stand trial would "be effectively unreviewable on appeal from a final judgment."

**[5]** No Runner contends that the right of an incompetent defendant not to stand trial includes not only a right not to be convicted but also an absolute right not to be tried at all, i.e., a right that cannot be protected by post-conviction appellate review. In this respect, she analogizes her situation to the protection afforded by the Double Jeopardy Clause. *See Flanagan*, 465 U.S. at 266 ("The right guaranteed by the Double Jeopardy Clause is more than the right not to be convicted in a second prosecution for an offense: it is the right not to be 'placed in jeopardy' — that is, not to be tried for the offense."); *Abney v. United States*, 431 U.S. 651, 661-62 (1977) (holding that a pretrial order denying a motion to dismiss an indictment on the basis of double jeopardy is immediately appealable because double jeopardy protects against

"being twice put to *trial* for the same offense"). No Runner argues that the right of an incompetent defendant not to be tried cannot be remedied by an appeal after judgment.

We disagree. Granted, the Supreme Court has, on occasion, described incompetency in terms of a right not to be tried. *E.g.*, *Godinez v. Moran*, 509 U.S. 389, 396 (1993) ("A criminal defendant may not be tried unless he is competent."); *Drope*, 420 U.S. at 171 (holding that an incompetent defendant "may not be subjected to a trial"); *id.* at 172 (describing "a defendant's right not to be tried or convicted while incompetent"). If that were the nature of the right, then perhaps No Runner could satisfy the third condition for application of the collateral order doctrine.

**[6]** The Supreme Court, however, has never held that incompetency includes an absolute right not to be tried, or that a competency determination cannot be reviewed effectively on appeal after conviction. On the contrary, the Court has said that "[d]ouble jeopardy and speech or debate rights are *sui generis* in this regard." *Flanagan*, 465 U.S. at 267; *see also Mohawk Indus., Inc. v. Carpenter*, 558 U.S. ___, No. 08-678, slip op. at 12 (Dec. 8, 2009) ("[T]he class of collaterally appealable orders must remain 'narrow and selective in its membership.' " (quoting *Will v. Hallock*, 546 U.S. 345, 350 (2006))). At base, incompetency concerns a right to a fair trial. *See Drope*, 420 U.S. at 172 ("[T]he failure to observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial."). That right can be protected adequately by post-conviction appellate review. Accordingly, the district court's pretrial order finding No Runner competent to stand trial also fails to satisfy the third condition of the collateral order doctrine.[3]

---

[3]Our holding is consistent with *Friedman*, where we found "particularly persuasive" a Second Circuit passage stating that "a ruling that the defendant *is* competent and *must* proceed to trial . . . could be effectively reviewed and remedied, if erroneous, on appeal from any final judgment

**[7]** In sum, No Runner appeals from a non-final order. The collateral order doctrine does not apply. We therefore lack jurisdiction.

**DISMISSED.**

---

against him." *Friedman*, 366 F.3d at 979 (quoting *United States v. Gold*, 790 F.2d 235, 239 (2d Cir. 1986)). It is also consistent with *United States v. Mandycz*, 351 F.3d 222 (6th Cir. 2003). In *Mandycz*, the Sixth Circuit stated, "[u]nlike the protection afforded by absolute immunity or the Double Jeopardy Clause, the incompetency of a criminal defendant does not implicate an absolute right not to be tried. Accordingly, . . . competency determinations . . . are not appealable as collateral orders because they are fully reviewable following the final judgment of the district court." *Id.* at 225 (citation omitted).