<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

———————————————————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARTIN PEREA,

    Defendant - Appellant.

No. 19-2160

———————————————————

**Appeal from the United States District Court**
**for the District of New Mexico**
**(D.C. No. 1:15-CR-03052-WJ-1)**

———————————————————

Sylvia Baiz, Assistant Federal Public Defender, Albuquerque, New Mexico, for Defendant-Appellant.

Alexander M.M. Uballez, Assistant United States Attorney (John C. Anderson, United States Attorney, with him on the brief), Albuquerque, New Mexico, for Plaintiff-Appellee.

———————————————————

Before **PHILLIPS**, **BALDOCK**, and **McHUGH**, Circuit Judges.

———————————————————

**BALDOCK**, Circuit Judge.

———————————————————

    Defendant filed this interlocutory appeal challenging the district court's order finding him competent to stand trial. Because a competency determination is a non-

final order and the collateral order doctrine does not apply, we grant the Government's motion and dismiss this appeal for lack of jurisdiction.

* * *

On August 25, 2015, a federal grand jury indicted Defendant on nine counts of production of a visual depiction of a minor engaging in sexually explicit conduct in violation of 18 U.S.C. § 2251(a), (e) and 18 U.S.C. § 2256. On September 7, 2016, Defendant produced a report by Dr. Alexander J. Paret, which opined that Defendant lacked competency to stand trial. In light of this report, the Government moved for a psychiatric and psychological examination of Defendant, and Defendant was sent for evaluation.

On May 11, 2017, Dr. Lisa Bellah, a licensed psychologist with the Federal Bureau of Prisons ("BOP"), reported that Defendant suffered from a mental disease or defect which rendered him unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense. Dr. Bellah thus determined Defendant was presently incompetent to stand trial. But she also suggested that Defendant could achieve competency within a reasonable amount of time if he were educated on criminal matters. In response, the district court entered an order finding Defendant incompetent to stand trial. And upon the Government's motion, the court ordered that Defendant be committed for treatment and restoration.

On February 5, 2018, Dr. Jacob X. Chavez, another psychologist with the BOP, reported that Defendant was incompetent and substantially unlikely to be restored to competency in the foreseeable future. Dr. Chavez thus recommended that

2

Defendant be evaluated pursuant to 18 U.S.C. § 4246(b) to determine his dangerousness. Given Dr. Chavez's recommendation, the district court ordered a risk assessment. During the pre-risk assessment and risk assessment interviews, however, Dr. Chavez observed that Defendant presented as "notably different" from his previous presentation, revealing a "higher level of understanding than portrayed previously." Based in part on this observation, Dr. Chavez issued a new report which found Defendant was, more likely than not, competent to proceed.

On May 22, 2019, and June 20, 2019, the district court held competency hearings. At those hearings, Dr. Chavez testified that Defendant was competent to stand trial, while Dr. Eric Westfried, a doctor hired by Defendant, maintained Defendant lacked such capacity. Following these hearings, the district court entered an order finding Defendant competent to proceed to trial.

This interlocutory appeal follows, in which Defendant argues the district court erred in concluding he is competent to stand trial. The Government has moved to dismiss the appeal for lack of jurisdiction, contending there was no final decision under 28 U.S.C. § 1291 and the collateral order doctrine does not apply. We agree with the Government. For the following reasons, we grant the Government's motion and dismiss this appeal for lack of jurisdiction.

* * *

As a general rule, we only have jurisdiction to review "final decisions of the district courts." 28 U.S.C. § 1291. This rule is known as the final judgment rule, and in criminal cases, it generally requires "that a defendant await conviction and

3

sentencing before raising an appeal." *United States v. Deters*, 143 F.3d 577, 579 (10th Cir. 1998). The Supreme Court has permitted a departure from the final judgment rule "only when observance of it would practically defeat the right to any review at all." *Flanagan v. United States*, 465 U.S. 259, 265 (1984) (quoting *Cobbledick v. United* States, 309 U.S. 323, 324–25 (1940)).

To this end, departures from the final judgment rule are warranted only for the "limited category of cases falling within the 'collateral order' exception delineated in *Cohen*." *Id.* (quoting *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265 (1982)). Under the collateral order doctrine, we may hear an appeal from a non-final order if that order: (1) "conclusively determine[s] the disputed question"; (2) "resolve[s] an important issue completely separate from the merits of the action"; and (3) is "effectively unreviewable on appeal from a final judgment." *Id.* (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468 (1978)). The Supreme Court has time and again cautioned that "the class of cases capable of satisfying this 'stringent' test should be understood as 'small,' 'modest,' and 'narrow.'" *United States v. Wampler*, 624 F.3d 1330, 1334 (10th Cir. 2010) (Gorsuch, J.) (quoting *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994); *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 42 (1995); *Will v. Hallock*, 546 U.S. 345, 350 (2006); *Mohawk Indust., Inc. v. Carpenter*, 558 U.S. 100, 113 (2009)). What's more, the Court has emphatically instructed us that "the *Cohen* test should be applied with special—in fact, 'the utmost'—'strictness' in criminal cases '[b]ecause of the compelling interest in prompt trials.'" *Id.* (quoting *Flanagan,* 465 U.S. at 265); *see also Abney v. United*

4

*States*, 431 U.S. 651, 657 (1977) ("[T]he delays and disruptions attendant upon intermediate appeal . . . are especially inimical to the effective and fair administration of the criminal law." (internal quotation omitted)).

In this case, the competency order undoubtedly satisfies the second condition for application of the collateral order doctrine. That is, the competency order resolves an important issue completely separate from the merits. But the order fails to satisfy either of the other two conditions—it neither conclusively determines Defendant's competency, nor is it effectively unreviewable on appeal.

First, an order finding a defendant competent to stand trial does not "conclusively determine" the defendant's competency. By statute, the Government or a defendant may move for a competency determination "*[a]t any time* after the commencement of a prosecution for an offense and prior to the sentencing of the defendant . . . ." 18 U.S.C. § 4241(a) (emphasis added). Thus, as the Supreme Court has recognized, "[e]ven when a defendant is competent at the commencement of his trial, a trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competence to stand trial." *Drope v. Missouri*, 420 U.S. 162, 181 (1975). This court has noted the same and stressed that "a defendant must be competent *throughout the entire trial*." *McGregor v. Gibson*, 248 F.3d 946, 954 (10th Cir. 2001) (emphasis added). Consequently, even when a defendant presents with "demonstrable competency" during a pretrial proceeding, "evidence of incompetency that [arises] during trial" may demand reevaluation. *Id.* at 961; *see also United States v. No Runner*, 590 F.3d 962, 964 (9th

5

Cir. 2009) (holding "[a] pretrial order finding a defendant competent to stand trial does not 'conclusively determine' the defendant's competency").

Defendant nevertheless argues his intellectual disability is relatively static and therefore not subject to change between now and sentencing. Because his condition will not change, Defendant reasons the district court will not likely reconsider its competency determination or order further evaluation. The law is clear, however. The trial itself may furnish evidence of incompetency, which would necessitate further inquiry into Defendant's present ability to stand trial. *See, e.g.*, *Drope*, 420 U.S. at 180 (holding that a defendant's "demeanor at trial" may establish a need for further inquiry into the defendant's competency); *McGregor*, 248 F.3d at 955 (explaining that a reasonable judge should have had doubts regarding the defendant's "continued competency to stand trial" given his "odd behavior at trial" and "counsel's repeated and vehement contentions [throughout trial] that his client was unable to assist in his own defense"). Therefore, the district court's order finding Defendant competent to proceed to trial does not satisfy the first condition for application of the collateral order doctrine because it does not conclusively determine Defendant's competency.

Nor does the district court's competency order meet the third condition for application of the collateral order doctrine because the order is not "effectively unreviewable on appeal." Defendant argues a competency determination is effectively unreviewable on appeal from a final judgment because: (1) "attempting to determine whether a defendant was competent at trial is retrospectively difficult";

6

and (2) an incompetent defendant has an absolute right not to be tried under the Fifth Amendment. We are not persuaded.

First, while the Supreme Court has acknowledged that "difficulties" in "retrospectively determining" a defendant's competency may arise, these difficulties arise in cases where a competency determination would require "more information than [the] record presents." *Dusky v. United States*, 362 U.S. 402, 402–03 (1960). This is no such case. The record here is replete with psychiatric evaluations and hundreds of pages of testimony from two separate doctors. On appeal from a final judgment, this court will be able to review the record and adequately determine whether Defendant was tried and convicted while incompetent. Indeed, this is an inquiry we regularly undertake. *See, e.g.*, *Lay v. Royal*, 860 F.3d 1307, 1315 (10th Cir. 2017); *Allen v. Mullin*, 368 F.3d 1220, 1240 (10th Cir. 2004); *Walker v. Att'y Gen. for Okla.*, 167 F.3d 1339, 1344 (10th Cir. 1999). Thus, Defendant's claim that it is too difficult to retrospectively determine whether he was competent at the time of trial is without merit.

Defendant's second claim—that an incompetent defendant has an absolute right not to be tried—is equally without merit. While the Supreme Court has occasionally described incompetency in terms of a right not to be tried, *see, e.g.*, *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (explaining "[a] criminal defendant may not be tried unless he is competent"), the Court has not held that this right is absolute. On the contrary, the Court has held that "[d]ouble jeopardy and Speech or Debate rights are *sui generis* in this regard." *Flanagan*, 465 U.S. at 267.

Our own precedent confirms this principle. In *Wampler*, we recognized that "if the district court forces a defendant to go to trial after erroneously rejecting his motion to dismiss predicated on a Sixth Amendment speedy trial violation or a Fourth Amendment suppression argument, an important 'right not to be tried' guaranteed by those provisions might well be said to be effectively lost." 624 F.3d at 1335. But in the criminal context—where the *Cohen* doctrine must be applied with the utmost strictness—we nonetheless held that "this isn't enough to warrant interlocutory appellate review." *Id.* To that end, we explained:

> [T]he *only* time a criminal defendant's claimed "right not to be tried" will justify interlocutory appellate review is when a "statutory or constitutional [provision] guarantee[s] that trial will not occur—as in the Double Jeopardy Clause ('nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb'), . . . or the Speech or Debate Clause ('[F]or any Speech or Debate in either House, [the Senators and Representatives] shall not be questioned in any other Place')." Only then—only when a statutory or constitutional provision *itself* contains a *guarantee* that a trial will not occur—may courts of appeals intervene prior to a final judgment to review the defendant's claimed "right not to be tried."

*Id.* at 1335–36 (citations omitted).

No constitutional or statutory provision exists which guarantees an incompetent defendant will not be subjected to trial. And thus we cannot say Defendant has an absolute right not to be tried. *See United States v. Mandycz*, 351 F.3d 222, 225 (6th Cir. 2003) ("Unlike the protection afforded by absolute immunity or the Double Jeopardy Clause, the incompetency of a criminal defendant does not implicate an absolute right not to be tried."). While Defendant's "right not to be tried or convicted while incompetent . . . deprives him of his due process right to a fair

8

trial," *Drope*, 420 U.S. at 172, this right can be vindicated by post-conviction appellate review. *See Wampler*, 624 F.3d at 1335 (explaining that a post-conviction appeal may be an imperfect remedy, but "*some* meaningful review is available after trial—after all, an appellate court can still undo an unlawful conviction"); *No Runner*, 590 F.3d at 966 (holding that the right to a fair trial "can be protected adequately by post-conviction appellate review"); *Mandycz*, 351 F.3d at 225 (holding that "competency determinations—unlike commitment orders—are not appealable as collateral orders because they are fully reviewable following the final judgment of the district court"); *United States v. Gold*, 790 F.2d 235, 239 (2d Cir. 1986) (explaining that "a ruling that the defendant *is* competent and *must* proceed to trial" can "be effectively reviewed and remedied, if erroneous, on appeal from any final judgment against him"). Accordingly, Defendant has an effective remedy on appeal from the final judgment, and he cannot satisfy the third condition for application of the collateral order doctrine.

\* \* \*

For the reasons provided herein, the collateral order doctrine does not apply to the district court's non-final order finding Defendant is competent to stand trial. We therefore grant the Government's motion and dismiss this appeal for lack of jurisdiction.[1]

---

[1] Because we dismiss for lack of jurisdiction, Defendant's pending motion to supplement the record on appeal is denied as moot.