**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 10, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

In re: FRANK MCINTYRE,

    Debtor.

------------------------------

FRANK MCINTYRE,

    Plaintiff - Appellant,

v.

DENNIS FANGMAN; DAVID
MCCONAUGHY; KEN OLSON; SOL
ENERGY, LLC; CHARLES WILLMAN,

    Defendants - Appellees.

No. 20-1210
(BAP No. 20-20-CO)
(Bankruptcy Appellate Panel)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BRISCOE**, and **BACHARACH**, Circuit Judges.
_____

Frank McIntyre appeals an order of the Bankruptcy Appellate Panel (BAP)

dismissing his appeal from the bankruptcy court's dismissal of multiple state-law

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1

claims, denial of leave to amend his adversary complaint, and abatement of one claim pending the resolution of parallel state-court proceedings. The BAP dismissed the appeal, concluding (1) that the bankruptcy court's abatement of one claim meant its order dismissing all other claims was a nonfinal, interlocutory decision; (2) that the order was not reviewable under the collateral-order doctrine; and (3) that granting leave for interlocutory review was not appropriate. We dismiss this appeal for lack of jurisdiction because the bankruptcy court did not render a final decision and the BAP's order did not cure the finality problem.

## I. Background

This case grew out of a business dispute between, on one side, McIntyre and his company, Glenwood Clean Energy, Ltd. (GCE), and on the other side Ken Olson and Olson's company, SoL Energy, LLC (SoL). GCE and SoL collaborated to install a solar energy system for Dennis Fangman, but when the project was nearly complete, GCE and SoL could not agree on who was owed how much money for the job. GCE asserted it was owed $46,960.50 on the contract with Fangman, but SoL directly billed Fangman for $39,480.78. Facing these competing demands for payment, Fangman filed an interpleader action in Colorado state court and deposited $48,250 into the state court's registry. McIntyre responded with multiple counterclaims and cross-claims, most (but not all) of which the state court dismissed. On March 13, 2019, the state court entered judgment in favor of SoL for $39,480.47 on the original interpleader claim, but it refused to release the funds until it adjudicated the remaining claims and motions.

2

Having suffered several adverse rulings in state court, McIntyre filed for bankruptcy and, as GCE's successor, brought an adversary proceeding against Olson, SoL, their lawyer, David McConaughy, Fangman, and Fangman's lawyer, Charles Willman, to recover the $48,250 Fangman deposited into the state court's registry. He initially asserted 15 state-law tort and contract claims and objected to proofs of claims by Olson and SoL; he later sought leave to file a second amended complaint, which included a civil-rights claim under 42 U.S.C. § 1983.

The bankruptcy court dismissed McIntyre's state-law claims for lack of jurisdiction under 28 U.S.C. § 1334(b), which provides "original but not exclusive jurisdiction of all civil proceedings arising under [the bankruptcy code], or arising in or related to cases under [the bankruptcy code]." It reasoned that McIntyre's claims did not "arise under" the bankruptcy code or "arise in" the bankruptcy proceedings because they did "not directly affect the property of the bankruptcy estate, and in large part constitute[d] state law causes of action." R. at 18 (internal quotation marks omitted). It further explained that the claims were not "related to" the bankruptcy proceedings because they were "based primarily on prepetition alleged conduct of the defendants, and [McIntyre's] rights, liabilities, options or freedom of action [were] not impacted by [his] claims." *Id.* (footnote and internal quotation marks omitted). Alternatively, the bankruptcy court determined that even if the state-law claims "related to" the bankruptcy proceedings, it would exercise its discretion to abstain from hearing them under § 1334(c)(1) for a variety of reasons. The bankruptcy court also denied McIntyre leave to amend his complaint and abated his objections to the

3

proofs of claims by Olson and SoL until the state court resolved his remaining cross-claims in the interpleader action.

McIntyre moved the bankruptcy court for reconsideration, and defendants sought clarification whether they were granted relief from the automatic stay, *see* 11 U.S.C. § 362, to proceed in the state interpleader action. The bankruptcy court construed McIntyre's motion for reconsideration as a motion to alter or amend its judgment and denied relief. And it clarified that defendants were granted relief from the automatic stay to the extent they sought to liquidate prepetition claims against McIntyre in the state court, but they were not "authorized to collect upon any judgment entered by the State Court with respect to pre-petition claims." R. at 29.

McIntyre appealed to the BAP, which dismissed for lack of jurisdiction, ruling that the bankruptcy court did not render a final decision because it abated consideration of McIntyre's objections to the proofs of claims of Olson and SoL. The BAP also noted that the bankruptcy court did not certify its decision for immediate appeal, *see* Fed. R. Civ. P. 54(b), and its decision was not appropriate for interlocutory review or review under the collateral-order doctrine.

## II. Discussion

### A. Finality & Appellate Jurisdiction under 28 U.S.C. § 158(d)(1)

This court has jurisdiction to review final decisions of the BAP. *See Radiance Cap. Receivables Nineteen LLC v. Crow (In re Crow)*, 987 F.3d 912, 918 (10th Cir. 2021); 8 U.S.C. § 158(d)(1). "Generally, an order is final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Adelman*

4

*v. Fourth Nat'l Bank & Tr. Co., N.A. (In re Durability, Inc.)*, 893 F.2d 264, 265 (10th Cir. 1990). "Thus, an order that resolves only a part of the parties' dispute is not a final, appealable order." *Strong v. W. United Life Assurance Co. (In re Tri-Valley Distrib., Inc.)*, 533 F.3d 1209, 1213 (10th Cir. 2008). But "[i]ssues of finality and appealability are different in bankruptcy cases." *Crow*, 987 F.3d at 918. In the bankruptcy context, "the appropriate 'judicial unit' for application of [the] finality requirement[] . . . is not the overall case, but rather the particular adversary proceeding or discrete controversy pursued within the broader framework cast by the petition." *Durability*, 893 F.2d at 266. We evaluate the finality of the BAP's order "by considering the effect that the order will have in the context of the particular appeal," *Tri-Valley*, 533 F.3d at 1214, which in turn "requires considering whether the bankruptcy court order is final," *HealthTrio, Inc. v. Centennial River Corp. (In re HealthTrio, Inc.)*, 653 F.3d 1154, 1159 (10th Cir. 2011). Ultimately, "[i]f the BAP's order results in significant further proceedings in the bankruptcy court, the BAP's order is not final, and we do not have jurisdiction to consider an appeal therefrom." *Tri-Valley*, 533 F.3d at 1214.

Here, the BAP's dismissal results in significant further proceedings because the bankruptcy court abated McIntyre's objections, which are still pending, and the BAP did not "'cure' [the] finality problem by effecting its own final disposition of the underlying adversary proceeding," *Durability*, 893 F.2d at 266; instead, the BAP's order left intact the bankruptcy court's interlocutory order adjudicating only part of the dispute. Thus, we lack jurisdiction under § 158(d)(1).

McIntyre disputes this conclusion. He contends (1) that the money Fangman deposited into the state court's registry was property of the estate over which the bankruptcy court had exclusive jurisdiction under 28 U.S.C. § 1334(e)(1), and (2) that his efforts to recover that money through bankruptcy and his specific claims against Olson and SoL for interference with contract constitute "core proceedings" under 28 U.S.C. § 157(b)(2)(A), so the bankruptcy court lacked discretion to dismiss those claims. But these arguments go to the merits of his arguments against dismissal of his claims, not the finality of the decisions by the bankruptcy court and the BAP. They do not explain how the bankruptcy court rendered a final decision despite adjudicating fewer than all the claims. Neither do these arguments address the BAP's dismissal for lack of a final decision from the bankruptcy court.[1]

## B. Collateral-Order Doctrine

McIntyre also invokes the collateral-order doctrine. That doctrine recognizes "a narrow class of collateral orders which do not meet th[e] definition of finality, but which are . . . immediately appealable . . . because they [1] conclusively determine a disputed question that is [2] completely separate from the merits of the action [and 3] effectively unreviewable on appeal from a final judgment." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) (original brackets and internal quotation marks omitted). It is McIntyre's burden to show his appeal satisfies all three elements. *See*

---

[1] Our conclusion that we lack jurisdiction obviates any need to consider McIntyre's other arguments, such as the challenges to the application of the *Rooker-Feldman* doctrine by the bankruptcy court and to the propriety of the bankruptcy court's denial of leave to amend his complaint.

6

*Magic Circle Energy 1981-A Drilling Program v. Lindsey (In re Magic Circle Energy Corp.)*, 889 F.2d 950, 954 (10th Cir. 1989).

McIntyre fails to satisfy the third element—namely, that the bankruptcy court's ruling is unreviewable on appeal from final disposition of his adversary proceeding. The dismissal of his state-law claims will be subsumed in the final disposition of his adversary proceeding once the bankruptcy court resolves his objections. *Cf. Quackenbush*, 517 U.S. at 714 (order remanding case to state court was unreviewable on appeal because the federal court "disassociate[d] itself from the case entirely, retaining nothing of the matter on [its] docket," and the remand order would "not be subsumed in any other appealable order"). McIntyre insists we should review the dismissal of his state-law claims now because the bankruptcy court *may* be bound by the state court's findings, and thus its role in adjudicating his objections is "illusory." Aplt. Opening Br. at 42; *see also* Reply Br. at 7 (arguing there will be "nothing but clerical tasks" for the bankruptcy court if it is bound by the state court findings). But the preclusive effect, if any, of the state court's actions has not yet been resolved and should be left for the bankruptcy court in the first instance when it takes up his objections. Our inquiry is whether dismissal of the state-law claims is reviewable upon final disposition of the adversary proceeding. Because it is, the collateral-order doctrine is inapplicable.

## C. Interlocutory Review

Alternatively, McIntyre contends the BAP should have granted interlocutory review of his appeal under 28 U.S.C. § 158(a)(3). *See id.* § 158(b)(1) (authorizing

the BAP to hear appeals from interlocutory orders under § 158(a)(3) "with leave of the court"). The BAP's refusal to grant interlocutory review, however, is itself contained in a nonfinal order, so § 158(d)(1) provides no basis for our jurisdiction. We note that "[a] party may pursue an interlocutory appeal of an order under § 158(d)(2) if the . . . BAP certifies the order as one involving a matter of public importance or on which there is no controlling decision of the court of appeals," *Crow*, 987 F.3d at 918. But the BAP rendered no such certification. And McIntyre fails to cite any other jurisdictional basis for our review of the BAP decision denying interlocutory review. Thus, we lack jurisdiction to consider that denial.

### III. McIntyre's Pending Motions

McIntyre recently filed in this court a motion nominally designated as an emergency stay motion, seeking to void or stay a bankruptcy-court order authorizing appellees to enforce the state court's judgment and collect the funds held in the interpleader action (enforcement order). He also seeks leave to file a supplemental brief and to supplement the record on appeal with the enforcement order and another bankruptcy-court order declining to set aside the enforcement order. But because we lack jurisdiction over the appeal (we note that nothing in the enforcement order indicates that the bankruptcy court has now resolved McIntyre's objections to the proofs of claims by Olson and SoL), we must also deny the stay motion and the motion to supplement. *See, e.g.*, *United States v. Perea*, 977 F.3d 1297, 1302 n.1 (10th Cir. 2020) (denying motion to supplement the record as moot based on dismissal of appeal for lack of jurisdiction); *Desktop Direct, Inc. v. Digit. Equip.*

8

*Corp.*, 993 F.2d 755, 756-57, 760 (10th Cir. 1993) (denying motion for stay absent jurisdiction to review the appeal).

IV.  Conclusion

We dismiss this appeal for lack of jurisdiction.  We also deny the motion for an emergency stay and the motion to supplement the record and to file a supplemental brief.  McIntyre's motion to exceed page limits is denied as well.

Entered for the Court

Harris L Hartz
Circuit Judge